DOC # 1

PREET BHARARA
United States Attorney for the
Southern District of New York
By: JACOB LILLYWHITE
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2639
Fax: (212) 637-2750
E-mail: jacob.lillywhite@usdoj.gov

16 MISC 461

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>JAMES ROSS MELLON II, VIVIAN RUESCH,<br><br>Taxpayer-Respondents. | 16 Misc. _____<br><br>**PETITION TO ENFORCE**<br>**INTERNAL REVENUE**<br>**SERVICE SUMMONSES** |

The United States of America ("Petitioner"), by its attorney, Preet Bharara, United States Attorney for the Southern District of New York, alleges upon information and belief as follows.

1. This is a proceeding brought under the authority of sections 7402(b), 7602, and 7604(a) of the Internal Revenue Code, 26 U.S.C. §§ 7402(b), 7602, 7604(a), to enforce three Internal Revenue Service ("IRS") summonses (the "Summonses"), except as to Request Numbers 5, 6(B), and 8 of the March 10 Summons (as defined below) and Request Number 10 of the December 10 Summons re: Ruesch (as defined below) (together, the "Excluded Requests").

2. Gary Frangipane, a Revenue Agent employed in the Large Business and International Division, International Individual Compliance, of the IRS, who works at 290

Broadway, Sixth Floor, New York, New York 10007, is conducting an investigation into the federal income tax liabilities of James Ross Mellon II ("Respondent Mellon") for tax years 2005 through 2011 (the "Mellon Relevant Tax Period") and of his spouse, Vivian Ruesch ("Respondent Ruesch," and together with Respondent Mellon, "Respondents"), for tax years 2005 through 2012 (the "Ruesch Relevant Tax Period" and, together with the Mellon Relevant Tax Period, the "Relevant Tax Periods") as set forth in the Frangipane Declaration, attached hereto as Exhibit 1. *See* Declaration of Gary Frangipane ("Frangipane Declaration") ¶ 2.

3. Upon information and belief, Respondent Ruesch resides at 1107 Fifth Avenue, Apartment 8N, New York, New York 10128, and this apartment is also the last and usual place of abode of Respondent Mellon. *See id.* at ¶¶ 4, 23.

4. Upon information and belief, Respondent Mellon and Respondent Ruesch are each in possession, custody, or control of books, records, and other papers, and/or each has knowledge, relating to the subject of the above-described investigation. *See id.* at ¶¶ 10-13, 16-18, 21, 27, 29, 32, 34.

5. On March 10, 2014, Revenue Agent Frangipane duly issued a summons, directing Respondent Mellon to appear before the IRS on April 30, 2014, at 10 a.m. at 290 Broadway, Sixth Floor, New York, New York 10007, to testify and produce books, records, and other data described in the summons related to Respondent Mellon's federal income tax liability for the Mellon Relevant Tax Period (the "March 10 Summons"). *See id.* at ¶¶ 19-20. A copy of the March 10 Summons is annexed to the Frangipane Declaration as Exhibit 2.

6. An attested copy of the March 10 Summons was delivered to 1107 Fifth Avenue, Apartment 8N, New York, New York 10128, by Revenue Agent Frangipane, on March 11, 2014,

and left with Mr. A. Ortiz, the doorman. *See id.* at ¶ 22. A copy of the Service of Summons, Notice and Recordkeeper Certificates is annexed to the Frangipane Declaration as Exhibit 3.

  7. On December 5, 2014, Revenue Agent Frangipane duly issued a summons, directing Respondent Ruesch to appear before the IRS on January 28, 2015, at 1:00 p.m. at 290 Broadway, Sixth Floor, New York, New York 10007, to testify and produce books, records, and other data described in the summons related to the federal income tax liability of her husband, Respondent Mellon, for the Mellon Relevant Tax Period (the "December 5 Summons re: Mellon"). *See id.* at ¶¶ 25-26. A copy of the December 5 Summons re: Mellon is annexed to the Frangipane Declaration as Exhibit 4.

  8. An attested copy of the December 5 Summons re: Mellon was delivered to 1107 Fifth Avenue, Apartment 8N, New York, New York 10128, by Revenue Agent Frangipane, on December 12, 2014, and left with Mr. A. Ortiz, the doorman. *See id.* at ¶ 28. Notice of the December 5 Summons re: Mellon was sent to Respondent Mellon on December 15, 2014, by certified or registered mail to the last known address of Respondent Mellon. *See id.* A copy of the Service of Summons, Notice and Recordkeeper Certificates is annexed to the Frangipane Declaration as Exhibit 5.

  9. On December 5, 2014, Revenue Agent Frangipane duly issued another summons, directing Respondent Ruesch to appear before the IRS on January 28, 2015, at 9:30 a.m. at 290 Broadway, Sixth Floor, New York, New York 10007, to testify and produce books, records, and other data described in the summons related to her own federal income tax liability for the Ruesch Relevant Tax Period (the "December 5 Summons re: Ruesch," and together with the December 5 Summons re: Mellon, the "December 5 Summonses"). *See id.* at ¶¶ 30-31. A copy of the December 5 Summons re: Ruesch is annexed to the Frangipane Declaration as Exhibit 6.

10. An attested copy of the December 5 Summons re: Ruesch was delivered to 1107 Fifth Avenue, Apartment 8N, New York, New York 10128, by Revenue Agent Frangipane, on December 12, 2014, and left with Mr. A. Ortiz, the doorman. *See id.* at ¶ 33. A copy of the Service of Summons, Notice and Recordkeeper Certificates is annexed to the Frangipane Declaration as Exhibit 7.

11. Respondent Mellon did not appear on April 30, 2014, as required by the March 10 Summons, nor did Respondent Mellon provide the Petitioner with a privilege log or any of the documents requested in the March 10 Summons. *See id.* at ¶ 24.

12. Respondent Ruesch did not appear on January 28, 2015, as required by the December 5 Summonses, nor did Respondent Ruesch provide the Petitioner with any of the documents requested in the December 5 Summons re: Mellon. *See id.* at ¶ 29. Respondent Ruesch advised Revenue Agent Frangipane through counsel that she would not be appearing or producing documents in response to that summons, citing spousal privilege and "improper motive." *See id.* She failed to produce a privilege log in response to the December 5 Summons re: Mellon identifying documents that had been withheld and the reasons for withholding each document, on a document-by-document basis. *See id.*

13. While Respondent Ruesch did produce some of the documents requested in the December 5 Summons re: Ruesch, she did not provide the Petitioner with all requested documents, and many of the documents she did produce were redacted without adequate explanation. *See id.* at ¶ 34. She failed to produce a privilege log in response to the December 5 Summons re: Ruesch identifying documents that had been withheld or redacted and the reasons for withholding or redacting each document, on a document-by-document basis. *See id.*

Unredacted documents produced by Respondent Ruesch in response to the December 5 Summons re: Ruesch are referenced in Exhibit 1 to the Frangipane Declaration.

14. The documents presently sought in the three Summonses (not including the Excluded Requests) are not in the Petitioner's possession, custody, or control, except for those listed in Exhibit 1 of the Frangipane Declaration, and a small number of documents received from a confidential informant or pursuant to international treaties, which reveal foreign entities and financial accounts Revenue Agent Frangipane has identified as owned or controlled by one or both of Respondents. *See id.* at ¶ 35 & Ex. 1. The IRS is not inclined to reveal those documents at this time, as the confidential informant has cooperated on the understanding that the documents would be kept confidential to the greatest extent possible, and since identifying the foreign entities and accounts the IRS has identified might enable Respondents to withhold records concerning as-yet-unidentified foreign entities and accounts. *See id.* at ¶ 35.

15. The testimony and documents sought by each of the Summonses may be relevant to, and can reasonably be expected to cast light upon, the subject of the IRS's investigation. *See* Frangipane Decl. ¶¶ 21, 27, 32, 36, 37.

16. All administrative steps required by the Internal Revenue Code for the issuance of a summons have been taken in connection with each of the Summonses. *See id.* at ¶ 38.

17. As of the date on which each of the Summonses was issued and served, and as of today, there was and is no "Justice Department referral," as that term is defined in 26 U.S.C. § 7602(d), with respect to either of the Respondents for the Relevant Tax Periods. *See id.* at ¶ 39.

18. No previous application has been made for the order of relief sought herein.

19. It is the practice of this Court for Petitioner to proceed in Part I in these matters, pursuant to Rule 3 of the Court's Rules for the Division of Business Among Judges.

WHEREFORE, Petitioner respectfully prays:

20. That this Court enter an order directing Respondent Mellon to show cause why he should not be required to comply with and obey the March 10 Summons, except as to Request Numbers 5, 6(B), and 8.

21. That this Court enter an order directing Respondent Mellon to obey the March 10 Summons by (a) producing the documents requested in the March 10 Summons to Revenue Agent Frangipane or other authorized official of the IRS, except those documents listed in Exhibit 1 to the Declaration of Gary Frangipane or requested in Request Numbers 5, 6(B), and 8, at such time and place as hereafter may be fixed by Petitioner; and (b) requiring Respondent Mellon to appear and give testimony before Revenue Agent Gary Frangipane or other authorized official of the IRS, at such time and place as hereafter may be fixed by Petitioner.

22. That this Court enter an order directing Respondent Ruesch to show cause why she should not be required to comply with and obey the December 5 Summonses, except as to Request Number 10 in the December 5 Summons re: Ruesch.

23. That this Court enter an order directing Respondent Ruesch to obey the December 5 Summonses, by (a) producing the documents requested in the December 5 Summonses to Revenue Agent Frangipane or other authorized official of the IRS, except those documents listed in Exhibit 1 to the Declaration of Gary Frangipane or requested in Request Number 10 in the December 5 Summons re: Ruesch, at such time and place as hereafter may be fixed by Petitioner; and (b) requiring Respondent Ruesch to appear and give testimony before Revenue Agent Gary Frangipane or other authorized official of the IRS, at such time and place as hereafter may be fixed by Petitioner.

6

24. That the United States recover its costs incurred in bringing and maintaining this proceeding.

25. That this Court grant such other and further relief as it deems just and proper.

Dated: New York, New York
December 12, 2016

PREET BHARARA
United States Attorney
Southern District of New York

By: *[signature]*
JACOB LILLYWHITE
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.:   (212) 637-2639
Fax:   (212) 637-2750
jacob.lillywhite@usdoj.gov