**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

                Petitioner,

    v.

JAMES ROSS MELLON II, VIVIAN RUESCH,

                Taxpayer-Respondents.

16 Misc. _____

16 MISC 461

DOC # 2

FILED U.S. DISTRICT COURT S.D. OF N.Y. 2016 DEC 12 PM 4:24

---

### PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONSES

PREET BHARARA
United States Attorney for the
Southern District of New York
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2639
Facsimile: (212) 637-2750

JACOB LILLYWHITE
Assistant United States Attorney
– Of Counsel –

## PRELIMINARY STATEMENT

This memorandum is respectfully submitted in support of Petitioner's application for an order directing respondents James Ross Mellon II ("Respondent Mellon") and Vivian Ruesch ("Respondent Ruesch," and, together with Respondent Mellon, "Respondents") to comply with three Internal Revenue Service ("IRS") Summonses duly issued pursuant to section 7602 of the Internal Revenue Code, 26 U.S.C. § 7602, and served upon Respondents. Revenue Agent Gary Frangipane, who is investigating Respondent Mellon's federal tax liabilities for the tax years 2005 to 2011 (the "Mellon Relevant Tax Period") and Respondent Ruesch's federal tax liabilities for the tax years 2005 to 2012 (the "Ruesch Relevant Tax Period" and, together with the Mellon Relevant Tax Period, the "Relevant Tax Periods"), issued these Summonses in 2014; Respondents have failed to comply.

Mr. Mellon, an heir to the Mellon fortune, has renounced his United States citizenship and, according to his attorney, is a "tax protester." Declaration of Gary Frangipane ("Frangipane Decl.") ¶¶ 6-7. Though Mr. Mellon often spends more than half the year in the United States and qualifies as a resident alien under the Internal Revenue Code's "substantial presence test" – which requires him to report and pay United States federal income taxes on his income – Mr. Mellon has not filed federal income tax returns for any of the tax years during the Mellon Relevant Tax Period. *Id.* at ¶¶ 8-9.

Mr. Mellon's wife, Ms. Ruesch, became a United States permanent resident in 1989 and raised her and Mr. Mellon's three daughters in the United States. *Id.* at ¶¶ 4-5. Ms. Ruesch lives in a Fifth Avenue apartment, owned by Mr. Mellon, in a prewar building overlooking Central Park. *Id.* at ¶ 4. Although she is not employed, she has advised the Government through counsel that she receives money periodically from Mr. Mellon and that he pays her credit card bills. *Id.* at ¶ 15. The limited, redacted account statements she has produced to the IRS show deposits into

Ms. Ruesch's account from an unidentified account of Mr. Mellon's of more than € 195,000 between 2009 and 2012. *Id.* at ¶ 17. These statements also show regular withdrawals by Ms. Ruesch of thousands of Euros in cash; in some cases, € 15,000 or more. *Id.* Ms. Ruesch had not filed federal income tax returns for any of the tax years during the Ruesch Relevant Tax Period before being contacted by Revenue Agent Frangipane. *Id.* at ¶ 13. Thereafter, she applied for pre-clearance to the IRS's Offshore Voluntary Disclosure Program; she was advised she was not eligible in light of the pending investigation. *Id.* at ¶ 14. Ms. Ruesch subsequently filed late returns for each of the tax years during the Ruesch Relevant Tax Period, but reported less than $10,000 in gross income each year from 2005 to 2009; less than $20,000 in gross income for each of 2010 and 2011; and less than $50,000 in gross income for 2012. *Id.* at ¶ 15.

In the course of his investigation into Respondent Mellon's tax liabilities, Revenue Agent Frangipane issued a summons to Respondent Mellon on March 10, 2014 (the "March 10 Summons"), and issued a summons to Respondent Ruesch on December 5, 2014 (the "December 5 Summons re: Mellon"). *Id.* at ¶¶ 19, 25. In connection with his investigation of Respondent Ruesch's tax liabilities, Revenue Agent Frangipane issued a second summons to Respondent Ruesch on December 5, 2014 (the "December 5 Summons re: Ruesch"). *Id.* at ¶ 30. Copies of the Summonses are annexed to the Frangipane Declaration as Exhibits 2, 4, and 6. *Id.* at ¶¶ 19, 25, 30.

The Frangipane Declaration describes the IRS's investigation and the purpose for the issuance of each Summons. *Id.* at ¶¶ 2-21, 25-27, 30-32. It also states that the information sought by this Petition may be relevant to the IRS's investigation and, except for a small number of documents received from a confidential informant and international treaties, is not in the IRS's possession. *Id.* at ¶¶ 19, 21, 25, 27, 30, 32, 35-37. The Frangipane Declaration further

establishes that each Summons was duly issued and served on the appropriate Respondent. *Id.* at ¶¶ 22-23, 28, 33, 38.[1] Accordingly, Petitioner is entitled to an order from this Court directing Respondents to fully comply with the Summonses, except as to Request Numbers 5, 6(B), and 8 of the March 10 Summons and Request Number 10 of the December 5 Summons re: Ruesch (the "Excluded Requests"), which the IRS has elected not to seek to enforce.

## ARGUMENT

### I.    Legal Standards

The IRS is authorized to issue a summons for testimony and the examination of books and records of witnesses pursuant to 26 U.S.C. § 7602. *See generally United States v. Euge*, 444 U.S. 707 (1980). That section provides, in relevant part, as follows:

> For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized
>
> (1)   To examine any books, papers, records, or other data which may be relevant or material to such inquiry;
>
> (2)   To summon the person liable for tax or required to perform the act, . . . or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and
>
> (3)   To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

---

[1] Petitioner respectfully refers the Court to the declaration of Revenue Agent Frangipane for a full statement of all relevant facts.

3

26 U.S.C. § 7602(a).

The Supreme Court has noted that section 7602 forms the "centerpiece" of the IRS's "expansive information-gathering authority." *United States v. Arthur Young & Co.*, 465 U.S. 805, 816 (1984). Under section 7602, the IRS has broad summons authority, to collect all information relevant to an IRS investigation:

> [T]he very language of § 7602 reflects . . . a congressional policy choice *in favor of disclosure* of all information relevant to a legitimate IRS inquiry. In light of this explicit statement by the Legislative Branch, courts should be chary in recognizing exceptions to the broad Summons authority of the IRS or in fashioning new privileges that would curtail disclosure under § 7602.

*Id.* at 816-17 (citation omitted) (emphasis in original); *see also Euge*, 444 U.S. at 716 n.9 (IRS has "broad latitude to adopt enforcement techniques helpful in the performance of [its] tax collection and assessment responsibilities"); *PAA Mgmt., Ltd. v. United States*, 962 F.2d 212, 216 (2d Cir. 1992).

A district court has jurisdiction pursuant to 26 U.S.C. §§ 7402(b) and 7604(a) to enforce a summons with which a taxpayer has failed to comply. Where the Government seeks to enforce an IRS summons, the Government must make an initial showing

> that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed . . . .

*United States v. Powell*, 379 U.S. 48, 57-58 (1964). The Second Circuit has explained that the Government's burden of showing such compliance is "minimal." *United States v. White*, 853 F.2d 107, 111 (2d Cir. 1988); *United States v. Davey*, 543 F.2d 996, 1000 (2d Cir. 1976). This minimal burden can be satisfied by an affidavit or a declaration of a Revenue Agent indicating compliance with the requisite criteria. *See White*, 853 F.2d at 111.

4

After the Government has demonstrated its compliance with these criteria, the person opposing enforcement of the summons has the burden of disproving the existence of one or more of the criteria or establishing that enforcement of the summons would constitute an abuse of the Court's process. *United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 316 (1978); *accord Powell*, 379 U.S. at 58; *White*, 853 F.2d at 111. As the Supreme Court has stated, "this means that those opposing enforcement of a Summons do bear the burden to disprove the actual existence of a valid civil tax determination or collection purpose by the Service." *LaSalle Nat'l Bank*, 437 U.S. at 316. In contrast to the minimal showing required of the Government, a person opposing enforcement has a "heavy" burden of proving that enforcement of a summons would be improper. *Id.*; *see also White*, 853 F.2d at 111.

## II.  This Court Should Enforce the Summonses, Which Were Properly Issued and Served Upon Respondents

The Government has satisfied the *Powell* criteria with respect to each of the Summonses at issue here. First, "the requirement[] that a Summons have a legitimate purpose . . . [has] been interpreted liberally in favor of the IRS." *PAA Mgmt.*, 962 F.2d at 216. Section 7602(a) authorizes the IRS to issue a summons "[f]or the purpose of . . . determining the liability of any person for any internal revenue tax." 26 U.S.C. § 7602(a). The investigation here is being conducted to determine the federal tax liabilities of each of the Respondents for the Relevant Tax Periods. *See* Frangipane Decl. at ¶¶ 2, 19, 25, 30. Thus, the investigation is being conducted pursuant to a legitimate purpose. *See Powell*, 379 U.S. at 57-58.

Second, the Government must make a "minimal showing of relevancy." *Davey*, 543 F.2d at 1000. The Supreme Court has liberally read this requirement of section 7602 to

> reflect[] Congress' express intention to allow the IRS to obtain items of even *potential* relevance to an ongoing investigation, without reference to its admissibility. The purpose of Congress is obvious: the Service can hardly be expected to know whether such

> data will in fact be relevant until it is procured and scrutinized. As a tool of discovery, the § 7602 Summons is critical to the investigative and enforcement functions of the IRS; the Service therefore should not be required to establish that the documents it seeks are actually relevant in any technical, evidentiary sense.

*Arthur Young & Co.*, 465 U.S. at 814 (citation omitted); *see also White*, 853 F.2d at 112, 116-17; *United States v. Noall*, 587 F.2d 123, 125 (2d Cir. 1978) ("[T]he threshold the Commissioner must surmount [to show that the information requested 'may be relevant'] is very low."). Moreover, the threshold for showing relevancy in a proceeding to enforce an IRS Summons "is particularly low when . . . the papers at issue are the taxpayer's own." *Id.* at 126.

Here, the testimony and documents sought by the Summonses may be relevant to the IRS's investigation to determine the assets, liabilities, and income of Respondents in order to properly determine their tax liabilities for the Relevant Tax Periods. *See* Frangipane Decl. ¶¶ 21, 27, 32, 36-37. In particular, the Summonses request testimony and documents concerning Respondents' financial accounts; their assets, including real estate and their interests in domestic or foreign entities; their sources of income; records relating to Respondent Mellon's presence in the United States, including his travel records; and copies of foreign tax returns or payment of any such tax. *See id.* at ¶¶ 20, 26, 31. Each of the Summonses' topics of testimony and requested records may be relevant to the IRS's investigation into Respondents' tax liability. *See id.* at ¶¶ 21, 27, 32, 36-37. Accordingly, the Government has met its showing of relevancy.

Third, with the exception of certain documents identified in the Frangipane Declaration, the information presently sought by the Summonses is not within the possession of the IRS. *Id.* at ¶ 35 & Ex. 1. The Government is not seeking the production of documents listed in Exhibit 1 to the Frangipane Declaration that Government already has in its possession, and the Government has excluded from its request to enforce the Petition the documents referenced in the Excluded Requests. *See* Pet. ¶¶ 20-23. Although the bulk of information that the

Government is requesting is not in the Government's possession, *id.* at ¶ 35, the Government has not excluded from its Petition a small number of responsive documents it has received from a confidential informant and from international treaties. Agent Frangipane has explained that a confidential informant has cooperated on the understanding that the documents provided would be kept confidential to the greatest extent possible. *Id.* Agent Frangipane further explained that identifying the documents produced through treaties would reveal to Respondents which foreign entities and accounts the IRS has identified, potentially enabling Respondents to withhold records concerning as-yet-unidentified foreign entities and accounts. *Id.* For those reasons, the IRS is not inclined at this time to reveal these documents unless it should become necessary to do so. *Id.* Because "the bulk of the information requested in the summonses is [not] already in the possession of the IRS," the third *Powell* criterion has been met. *Adamowicz v. United States*, 531 F.3d 151, 159 (2d Cir. 2008) (per curiam); *see* Frangipane Decl. ¶ 35.

Finally, the IRS has complied fully with the applicable administrative steps set forth in the Internal Revenue Code with respect to each of the Summonses. *See* Frangipane Decl. ¶¶ 1, 19, 22-23, 25, 28, 30, 33, 38.

Accordingly, the Government has established its minimal burden of demonstrating compliance with the *Powell* criteria. This Court should therefore enforce the IRS Summonses pursuant to its authority under 26 U.S.C. §§ 7402(b) and 7604(a).

### III. Respondents' Prior Arguments Do Not Excuse Their Failure to Comply with the Summonses

Respondent Mellon has previously asserted, through his counsel in this matter, that the Mr. Mellon is "not subject to jurisdiction" of the United States. Frangipane Decl. ¶ 23. To the extent that Respondent Mellon is claiming that he is not subject to the taxing authority of the IRS, the Second Circuit has rejected a similar argument, noting that such a "challenge to the

IRS's jurisdiction is immaterial" to an action to compel compliance with an IRS summons. *Mollison v. United States*, 481 F.3d 119, 123 (2d Cir. 2007). "[A]t the subpoena enforcement stage, courts need not determine whether the subpoenaed party is within the agency's jurisdiction or covered by the statute it administers; rather that coverage determination should wait until an enforcement action is brought against the subpoenaed party." *Id.* (quoting *United States v. Const. Prods. Research, Inc.*, 73 F.3d 464, 470 (2d Cir. 1996)). Courts applying the "legitimate purpose" test are "not concerned with whether any subsequent enforcement action is likely to be meritorious, jurisdictionally or otherwise"; the relevant question is "much narrower than the merits . . . namely, whether the IRS is pursuing its investigation in good faith." *Id.* at 123-24.

To the extent that Respondent Mellon is claiming that he is not subject to this Court's jurisdiction, he is similarly incorrect. This Court has subject-matter jurisdiction over this action pursuant to 26 U.S.C. §§ 7402(b) and 7604(a) and will acquire personal jurisdiction over Respondent Mellon "by service of the show cause order and the petition for enforcement of the summons." *United States v. Gilleran*, 992 F.2d 232, 233 (9th Cir. 1993); *accord United States v. Bichara*, 826 F.2d 1037, 1039 (11th Cir. 1987).

Respondent Ruesch has refused to comply with the December 5 Summons concerning the tax liability of her husband, stating that she "objects on spousal privilege grounds, and to the extent that privilege might not apply, improper motive, based on the investigation that the IRS has undertaken against Mr. Mellon." Frangipane Decl. ¶ 29. Similarly, while she produced documents responsive to some of the requests in the December 5 Summons re: Ruesch, she has refused to provide documents responsive to any of the other requests, raising a blanket objection to further production based on her Fifth Amendment right against self-incrimination. Frangipane Decl. ¶ 34. In addition, many of the documents she did produce were redacted, and Respondent

Ruesch refused to identify the basis for each redaction; instead, her counsel stated only that "the redactions are due to either: the information being outside the scope of the request, our client's assertion of her fifth amendment rights, attorney client privilege, attorney work product privilege, and/or IRC section 7525." *Id.* Nor has she provided a privilege log in response to either the December 5 Summons re: Mellon or the December 5 Summons re: Ruesch that identifies on a document-by-document basis the documents that have been withheld and the reasons for withholding each document. *Id.* at ¶¶ 29, 34.

The blanket invocations of various types of privilege asserted by Respondent Ruesch do not excuse her failure to comply with a summons; "to properly invoke the privilege, the [summoned party] must comply with the summons by appearing and by asserting the privilege on a document-by-document basis." *United States v. Whitehouse*, No. 10 Civ. 1739, 2010 WL 4876295, at *3 (D. Conn. Nov. 19, 2010); *accord United States v. Drollinger*, 80 F.3d 389, 392 (9th Cir. 1996) (per curiam); *United States v. Thom*, 962 F.2d 12 (8th Cir. 1992); *United States v. Argomaniz*, 925 F.2d 1349, 1356 (11th Cir. 1991); *Holifield v. United States*, 909 F.2d 201, 2014 (7th Cir. 1990); *United States v. Rockwell Int'l*, 897 F.2d 1255, 1265 (3d Cir. 1990); *United States v. Allee*, 888 F.2d 208, 212 (1st Cir. 1989); *United States v. Hatchett*, 862 F.2d 1249, 1251 (6th Cir. 1988); *United States v. Schmidt*, 816 F.2d 1477, 1482 (10th Cir. 1987); *United States v. Davis*, 636 F.2d 1028, 1038 (5th Cir. 1981); *United States v. Gendreau*, No. 12 Misc. 303 (WHP), 2014 WL 464754, at *3 (S.D.N.Y. Jan. 22, 2014). Instead Respondent Ruesch invoked spousal privilege, attorney-client privilege, attorney work product, and Fifth Amendment privilege without providing the required privilege log that specifies the applicable privilege on a document-by-document basis.

Moreover, Respondent Ruesch has offered no evidence of "improper motive." Respondent Mellon has failed to file United States income tax returns for the Mellon Relevant Tax Period, despite spending so much time in the United States that he qualifies as a resident alien for federal tax purposes. Respondent Ruesch also failed to file federal income tax returns for the Ruesch Relevant Tax Period, before being contacted by Revenue Agent Frangipane; after being contacted, she applied for the Offshore Voluntary Disclosure Program – for which she is not eligible, given Revenue Agent Frangipane's pending investigation – and subsequently filed late federal income tax returns for each of these tax years, reporting less than $20,000 in gross income for all but one year. Revenue Agent Frangipane is conducting a good-faith investigation into the Respondents' tax liabilities, and Respondent Ruesch has offered no evidence to the contrary and certainly cannot meet her "heavy burden" of "disprov[ing] the actual existence of a valid civil tax determination or collection purpose by the Service." *LaSalle Nat'l Bank*, 437 U.S. at 316.

## CONCLUSION

For the foregoing reasons, this Court should order Respondents to fully comply with the IRS Summonses annexed to the Petition as Exhibits 2, 4, and 6, except as to the Excluded Requests and as to producing documents listed in Exhibit 1 to the Frangipane Declaration, which are in the Petitioner's possession, custody, or control.

Dated: New York, New York  
December 12, 2016

PREET BHARARA  
United States Attorney  
Southern District of New York

By: _____  
JACOB LILLYWHITE  
Assistant United States Attorney  
86 Chambers Street, 3rd Floor  
New York, New York 10007  
Tel.:   (212) 637-2639  
Fax:   (212) 637-2750  
jacob.lillywhite@usdoj.gov

11